UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

   CHARLES R. GIAMBRONE, JR. and   06-03862 B
   MARY J. GIAMBRONE

       Debtors       DECISION & ORDER
------------------------------------------------------

      Fessenden, Laumer & DeAngelo
      Randall S. Lewis, Esq., of counsel
      81 Forest Avenue
      P. O. Box 590
      Jamestown, New York 14702-0590
      Attorneys for the Debtors

Bucki, U.S.B.J.

   The debtors have requested a thirty day extension of time to complete the credit counseling requirement of 11 U.S.C. § 109(h)(1). This motion presents two issues: first, whether the imminence of a foreclosure sale constitutes the kind of exigent circumstance that will justify this extension; and second, whether this court may still grant an extension, even though credit counseling is available within five days, but not before the exigent event.

   In 2005, the Bankruptcy Code was amended to require that individual debtors obtain credit counseling as a condition for bankruptcy relief. Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor under Title 11 "unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." This mandate, however, is subject to the exemptions in 11 U.S.C. § 109(h)(3), which states as follows:

    (A) Subject to subparagraph (B), the requirements of
    paragraph (1) shall not apply with respect to a debtor
    who submits to the court a certification that – (i)

> describes exigent circumstances that merit a waiver of the requirements of paragraph (1); (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and (iii) is satisfactory to the court.
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition . . . .

At 7:38 p.m. on December 6, 2006, Charles and Mary Giambrone filed a joint petition for relief under chapter 13 of the Bankruptcy Code. This filing occurred on the evening before the scheduled date for a foreclosure sale of real property that the debtors owned in Chautauqua County, New York. With their petition, each debtor also filed a document entitled "Exhibit D – Individual Debtor's Statement of Compliance with Credit Counseling Requirement." In this exhibit, the debtors certified that they had "requested credit counseling services from an approved agency but [were] unable to obtain the services during the five days from the time" of their request. They then certified that a waiver of the counseling requirement was merited due to exigent circumstances, which the debtors identified as a "foreclosure pending within 24 hours." In furtherance of their request for a waiver, the debtors also filed the present motion, on notice to the United States Trustee, for an extension of time to complete credit counseling.

The debtors completed their credit counseling on December 11, 2006, and filed Certificates of Credit Counseling on December 15. Thus, except as to the issue of timeliness, the debtors had satisfied the counseling requirement prior

to January 4, 2007, that being the date of the hearing on the motion for an extension of time.  At that hearing, the debtors' attorney represented that Mr. and Mrs. Giambrone had retained his services on the eve of the foreclosure sale, that he had attempted to secure credit counseling for the debtors, but that no such service was available on short notice from the providers to whom he usually referred his clients.  Based on these facts, the attorney urged a waiver of the requirement that credit counseling be completed prior to the commencement of bankruptcy proceedings.

Bankruptcy judges are divided in their interpretation of 11 U.S.C. § 109(h)(3).  Some courts have viewed an imminent foreclosure sale as an exigent circumstance.  *E.g., In re Henderson*, 339 B.R. 34, 38-39 (Bankr. E.D.N.Y. 2006).  Others have found that because the foreclosure process provides considerable notice to homeowners, the foreclosure sale allows no excuse for procrastination in seeking the protection of bankruptcy.  *E.g., Dixon v. LaBarge*, 338 B.R. 383 (BAP 8th Cir. 2006), *In re Afolabi*, 343 B.R. 195 (Bankr. S.D. Ind. 2006).  For the reasons stated hereafter, I reject this latter position, and will grant the debtors' request for a thirty day extension of time to complete their credit counseling.

Exigent Circumstances

Pursuant to section 109(h)(3), the time to complete credit counseling may be extended if the debtor makes two certifications that are satisfactory to the court.  The first and threshold requirement is that the debtor must adequately describe "exigent circumstances that merit a waiver." Leading dictionaries agree that the word "exigent" refers to something that is "urgent" or that requires

"immediate action or aid." 1 THE SHORTER OXFORD ENGLISH DICTIONARY 652 (C.T. Onions ed., 1970); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 796 (Unabridged, Phillip Babcock Grove et al. eds., 1993); RANDOM HOUSE UNABRIDGED DICTIONARY 678 (Stuart Berg Flexner ed., 2d ed., 1993). Further, Black's Law Dictionary defines "exigent circumstances" as "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures, as when a neighbor breaks through a window of a burning house to save someone inside." BLACK'S LAW DICTIONARY 236 (7th ed. 1999). Exigency relates solely to issues of immediacy, and not to any notions of causation, justification, or excusability. Even when circumstances are of a debtor's own making, they will nonetheless become exigent at the moment when immediate action or aid is required.

Pursuant to section 109(h)(3)(A)(i), the court may extend the timely completion of credit counseling only if the debtors' circumstances are sufficiently exigent "to merit a waiver." Notably, this test looks not to the debtors' circumstances generally, but to the merits of their exigency. In the present instance, the debtors retained counsel on the day prior to the time set for the foreclosure sale. Given the complexities of bankruptcy law, we must assume that a lay person would not previously have known or understood the precise requirements and time constraints for credit counseling. On the evening of December 6, while attempting to solve the exigent problem of an imminent foreclosure, Mr. and Mrs. Giambrone encountered the unanticipated require-ments of section 109(h). These exigent circumstances fully merit a waiver of the time limits for credit counseling.

In *In re Dixon*, 338 B.R. 383, 388 (8th Cir. B.A.P. 2006), the court affirmed a finding that a waiver was not merited in circumstances where the debtors had received a twenty-day notice of the foreclosure sale as required under Missouri law. Similarly, in the present instance, the debtors received notice of their foreclosure and could have sought bankruptcy protection long prior to the scheduled date for auction. In my view, however, this fact speaks more to irrelevant attributions of fault than to the sufficiency of exigent circumstances. Many factors can delay the retention of bankruptcy counsel. Delinquent borrowers may lack money for a retainer or may postpone action while attempting themselves to negotiate a settlement. Domestic or other personal problems may distract their attention. We would assume too much if we were to charge consumers with a conscious appreciation of the requirement for pre-bankruptcy credit counseling. If debtors reasonably attempt to obtain credit counseling during the interval between learning about this requirement and the occurrence of an exigent event, their exigent circumstances should merit a waiver.

Unquestionably, Mr. and Mrs. Giambrone should have sought the advice of counsel at an earlier date. Whether justified or not, their delay created an urgent situation that required immediate action on the evening of December 6, 2006. As stated by the Bankrtuptcy Court for Maryland in *In re Childs*, 335 B.R. 623, 630 (2005):

> [t]he standard for exigent circumstances set forth in the statute is minimal. It requires only that the debtor state the existence of some looming event that renders prepetition credit counseling to be infeasible. The standard is not one of "excusable neglect" that would require a Court to delve into the reasons why exigent circumstances have occurred.

Because the statute does not require any absence of culpability, the exigency of the debtors' self-imposed circumstances will satisfy the requirements of 11 U.S.C. § 109(h)(3)(A)(i).

Inability to Obtain Services

To qualify for a deferral of credit counseling, debtors must also make a second certification, namely that they "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but [were] unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request."  11 U.S.C. § 109(h)(3)(A)(ii).  In the present instance, Mr. and Mrs. Giambrone requested counseling services on the day prior to their bankruptcy filing.  Although unable to obtain those services before bankruptcy, they ultimately completed credit counseling on the fifth day after their request.  With their bankruptcy petition, the debtors filed a certification of their request for credit counseling and of their inability to obtain such counseling within five days.  On the facts of this case, however, is this certification accurate and satisfactory to the court?

By its language, section 109(h)(3)(A)(ii) references not an inability to obtain credit counseling services generally, but an inability "to obtain the services referred to in paragraph 1 [of section 109(h)]."  Section 109(h)(1) states the general rule that an individual will not qualify for bankruptcy relief "unless such individual has, *during the 180-day period preceding the date of filing of the petition by such individual*, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such

individual in performing a related budget analysis" (emphasis added). In the present instance, therefore, the deciding consideration is whether the debtor is able to complete the mandate for *pre-bankruptcy* counseling during the five days after the request for that service. When exigent circumstances require bankruptcy protection in fewer than five days, the window for completion of counseling must collapse into the amount of time that is available. The test is not whether the agency can provide a counseling session within five days, but whether in the context of their circumstances, the debtors can complete within five days the counseling that must otherwise occur prior to that exigent moment when a bankruptcy filing is necessary.

For at least three reasons, I reject an interpretation of section 109(h)(3)(A)(ii) that would compel debtors to delay a bankruptcy filing for up to five days, in those instances where counseling can be obtained during that period. First, by directing us to look to the entire text of paragraph 1, the statutory language excuses an inability to complete pre-bankruptcy counseling. When an exigent event will occur within five days, any counseling after a consequential filing is necessarily post-bankruptcy and will not invoke the temporal limitations of section 109(h)(3)(A)(ii).

Second, a mandated postponement of bankruptcy relief would unfairly impose different outcomes in situations of identical exigency. The purpose of section 109(h)(3) is to allow relief when exigent circumstances would preclude completion of credit counseling prior to bankruptcy. The timetable for substitute counseling after filing is instead defined by section 109(h)(3)(B). Where two debtors are unable to secure counseling prior to identical exigencies, no further

reason exists to distinguish between those who can obtain postpetition counseling within five days of their initial request and those whose access to such services is delayed.

Third, the imposition of a filing delay would contradict the statutory standard that allows bankruptcy relief in instances of exigency. By their nature, exigent circumstances involve an urgent need for immediate action or aid. But circumstances would not be exigent if the debtor could defer bankruptcy for an additional five days. Thus, section 109(h)(3)(A) would be rendered almost meaningless if this court were to deny bankruptcy relief in circumstances where the exigent event arises within five days of the first request for credit counseling services.

In the present instance, the imminence of foreclosure created a need to obtain bankruptcy relief on December 6, 2006. Mr. and Mrs. Giambrone requested credit counseling services, but due to the lateness of their request, they could not complete the required counseling session prior to the scheduled sale of their property. In my view, the debtors have adequately demonstrated that they were unable to obtain the mandated services prior to the foreclosure sale. After the projected time of sale, any services would not fulfill the mandate for pre-bankruptcy counseling. Hence, the debtors were unable to obtain the required pre-bankruptcy counseling during the 5-day period beginning from the moment of their request. Accordingly, to my satisfaction, the debtors made accurate certification of their inability to obtain counseling services within the statutory limits of time.

06-13862B                                                                                       9

For the reasons stated herein, the debtors have satisfied the standard of 11 U.S.C. § 109(h)(3)(A), and will accordingly receive a waiver of the time requirement for completion of credit counseling.  Because the debtors had already obtained their credit counseling prior to the hearing of the present motion, they have also fulfilled the requirements of 11 U.S.C. § 109(h)(3)(B). Accordingly, they remain eligible for bankruptcy relief.

So ordered.

Dated:   Buffalo, New York                    /s/     CARL L. BUCKI
         March 29, 2007                                 U.S.B.J.